IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| TIM NICHOLS, | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | |
| CREDIGY RECEIVABLES, INC., | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Tim Nichols, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. ("State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and a significant portion of the conduct complained of occurred here.

### III. PARTIES

3. Defendant, Credigy Receivables, Inc., ("Credigy") is a debt collector engaged in the business of collecting debts in the state of Iowa.

### IV. FACTUAL ALLEGATIONS

4. Credigy sued Plaintiff on a time-barred debt. Credigy's debt collection attempts resulted in unfair debt collection violations. Plaintiff filed an action for these violations.

5. On or about November 27, 2007, Plaintiff and Credigy entered into a settlement providing for mutual releases and that Plaintiff and Credigy would dismiss their respective claims with prejudice. Credigy's released all claims for the alleged debt. It has now breached that settlement agreement by ignoring the release and dismissal and continuing its attempts to collect the time-barred, released debt from the Plaintiff.

6. On or about April 9, 2008, Universal Fidelity, LP, another debt collector, sent Plaintiff a letter attempting to collect the alleged debt for Credigy. On or about October 31, 2008, yet another debt collection attorney sent a letter directly to the Plaintiff attempting to collect the alleged debt. The letter stated Plaintiff was required to dispute the debt in writing, which he is not. Credigy and its attorney knew or should have known Plaintiff was represented by an attorney, having settled the prior matter with Plaintiff's counsel.

### V. FIRST CLAIM FOR RELIEF

7. All facts and allegations of this Complaint are incorporated herein by reference.

8. Plaintiff's alleged obligations were "debts" as defined by FDCPA, 15 U.S.C. § 1692a(5).

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant violated the FDCPA. Defendant's violations include, but are not

limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692(e)(2) by misrepresenting the amount of the alleged debt.

    b. Defendant violated 15 U.S.C. § 1692(e)(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

    c. Defendant violated 15 U.S.C. § 1692(f) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    d. Defendant violated 15 U.S.C. § 1692c(a)2 by contacting Plaintiff directly when it knew or should have known he was represented by an attorney.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for his statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Plaintiff's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to attempts to collect from Plaintiff as alleged herein, Defendant was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of Defendant were violations of Iowa Code § 537.7103, including but not limited to:

a. Defendant violated Iowa Code § 537.7103(4) by making an intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

b. Defendant violated Iowa Code § 537.7103(1)(f) by taking actions prohibited by chapter Iowa Code chapter 537 or any other law.

c. Defendant violated Iowa Code § 537.7103(5)(e) by communicating with Plaintiff after Defendant knew Plaintiff was represented by an attorney.

16. As a proximate result of the unfair debt collection, the Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265

Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com